17-1481 World's Inc. v. Bungie Even at that point, to be placing the burden of persuasion on the other side. Isn't that wrong? That is wrong. So sticking with the… No, I mean isn't that improper? Had they done that, that would be improper, but I don't think that's what they did. So if we… So like on page 506, this is in one of the institution decisions, patent owner has not shown that Activision has an opportunity to control this inter-parties review. On the premise that the contract is at least susceptible to the reading that it covers efforts to terminate the relevant IP, how is it proper for the board to be talking about what the patent as opposed to absolutely nothing? Based on the arguments that were being advanced by World's, that there are two provisions that in their view demonstrated control and so the board taking that argument into consideration with the identified evidence and taking into account Bungie's argument about why those saying that we've looked at this, we've listened to your arguments, and we don't find World's argument credible. At the bottom of page 509 of the appendix, the board says accordingly, patent owner has not demonstrated that the agreement gives Activision any opportunity to control this proceeding. One, that puts the burden on the patent owner. Two, it limits the whole consideration to the question of control. And then they say, in addition, we note that petitioners expressly denied any control or funding of this proceeding by Activision. Petitioner represents to the board that petitioner is solely responsible for the cost and control of the inter-parties review. And then they say that on this record, we accept petitioner's express representation. How is that not completely putting the burden on the patent owner and allowing attorney argument to substitute for evidence? Who's attorney argument? Because both parties were advancing nothing but attorney argument here. Because the other side's attorney argument said, this should at least open the door to further inquiry. And basically, your attorney argument just simply said, don't bother. We're going to promise you that they don't control us. I wouldn't characterize it that way. I would characterize it as there's a requirement that a petitioner make a representation, and the board takes the position like they do and like the Patent Office does in many other instances when a party makes a representation. Absent evidence to the contrary, they're going to accept that representation. Fair enough. Absent any evidence to the contrary or any non-frivolous assertion that that representation is not accurate. But it's fine for the board to say, if nobody objects, we're not going to go behind this ourselves. We're not going to put a burden on ourselves as the board. But once there's a non-frivolous objection to the statement of RPI, then the burden has to be on the petitioner to establish that they are the sole and only real party in interest. And in this context, so two points again. One, the evidence that was advanced was rejected as raising a sufficient level of concern that this was an issue. And two, this idea of, putting this in context, the idea of a party proving that another party doesn't control something is a difficult challenge, right? Well, that's the party that's got all the information and the evidence. But if there is no information and evidence, what do they come forward with? It begs the question. Okay. Your time's almost up, but good news is that we controlled the time. So we're going to turn to the issue of, if you have some comments on, you know, we spent most of the time with your friend talking about this issue of Estoppel, and certainly he relies heavily on Utah construction. So I'd like you to tell us whether you agree with his interpretation of that case or his application, and if not, why not? Thank you, Your Honor. I would respectfully submit that my friend has misapprehended the jurisdictional issue in the Utah case. The idea of, and I think you touched on this, Your Honor, the idea is whether an agency has jurisdiction to even address a situation, not whether once we get past their ability to review an IPR petition, whether they messed up a jurisdictional issue or not. So you think resolving the issue means, in this instance, resolving the threshold issue, which is real party interest? Yeah. Is it appropriate for the board to be addressing real party interest in the context of an IPR petition? The answer to that is yes. That satisfies this jurisdictional aspect that's being referred to, and it's not to be confused with a substantive point of challenge that the board can and does address, which worlds disagrees with. That's an issue for a few. Something happened in the interim here. This court decided Wi-Fi, which at least arguably changed the landscape in terms of whether or not that question is one that's subject to review at all. It could have been that at some point in the past under Acades, no one would have appealed the issue, sought review of the issue, because the position seemed to be that it was not reviewable at all. Does that have any play in the context of this case? I don't think so. Can you remind me when we decided Wi-Fi? January. It was after they filed... I'm sorry, January what? January 8th, 2018. Okay, so their time... No. Yes, their time for appeal on the three IPRs had not yet run. That would have run at the end of January or the beginning of February, I think. Is that right? I'm not sure. It was January of this year, right? January of this year. Yeah, so their notice of appeals had long since passed. Oh, it's by a whole year. But that doesn't save them, Your Honor. Actually, why doesn't that? Because there are six cases. That is if the only ground that they could not actually have appealed that issue back when the appeal time was still available. But they did with these three cases, right? They knew they could appeal it. So there's six cases sitting there together under the same circumstances. But at that time, all they knew was that they could appeal, let's call them the merits issues, not the timeliness issue in these IPRs. And then turns out they could get all the issues. And they didn't care, evidently, enough about the merits issues of the three other IPRs. But they couldn't independently have appealed the 315B issue. That would be a great story, but it doesn't check out under these circumstances. All six cases had the same timing. They picked three and left three all at the same time. I'm sorry. So your answer is just that they were, in this appeal, they obviously were not deterred from raising the real party and interest case, even though they were similarly situated. In other words, both appeals were being done before the Wi-Fi. Very clearly not, Your Honor. I agree with that. And even one of the three cases that is being appealed here, Your Honor, has no merits challenge. They've only appealed the RPI issue. So the Wi-Fi decision was in no way a barrier to them. And I think the bar was recognizing that this was a—the 315B appealability issue was a live issue. I asked your friend on the other side a kind of practical judicial efficiency of the system question, which is troubling. Namely, you have a bunch of IPRs involving different patents. One, there's an overlap here. They don't care enough about some of them. And yet, in order to preserve a one common issue in the ones that they do care enough about, you're going to insist by way of collateral estoppel that they burden us with six IPR appeals instead of three. That doesn't seem very—I think the word I used before, like a happy consequence for the system. Well, the— Are we stuck with it? I mean, it is a happy consequence in the sense— Well, it may be happy for you. Well, it doesn't really—I mean, as far as the efficiency is concerned, it doesn't really take much other than another line in a notice of appeal and a consolidation. There's no additional briefing. And we see that in this case. They've got one unified set of briefing for three cases. The only additional component that would be required is the listing of three other case names. So there's—I mean, it's minimal burden to add three other cases on the exact same issue. And then in terms—the other side of the issue preclusion and unhappy consequences takes into consideration everybody else that has to suffer from issue preclusion or should be able to rely on issue preclusion. But if it's essentially cheap on their part to go forward and file six cases instead of three cases with no additional briefing, it shouldn't make any significant difference to you on the other side either. Not for the briefing. I'm talking about the idea of issue preclusion is that the public relies on things that are decided, right? I mean, this is— But here, it was a peripheral issue. I mean, to the extent we're going to consider the policies here, it seems like if they didn't care about those other patents, then we're saying, well, you had to appeal it even though you don't care that you lost the patents, but just to preserve in the future for posterity a real party and interest question, which you don't care about here. You don't care about the patents and the fact that you've lost them. Doesn't that—do you understand— I understand. —why that doesn't seem to make a lot of sense? Well, I understand how it can appear as a tactical failure, if you will, and a technicality. I understand that, but on the other side, it doesn't take much more than listing a couple more cases in notice of appeal in a line on the brief. Might there not be—I mean, we haven't considered any of the—we don't—the other IPRs aren't even before us, so we're not even clear what's at stake there or what arguments might be relevant to the real party of interest that may or may not be relevant to this case. Would it not make sense to take a look at a more fulsome record in order to be able to decide rightfully the collateral estoppel question? Well, I mean, that raises an issue to the policy point of whether this is a good idea or a bad idea to embrace or reject this type of practice. And I could certainly envision situations where parties are selecting out cases and perhaps it's resulting in the court not having a fulsome record by virtue of its selection. Let me slightly refocus that. First of all, would the board be subject to the same issue preclusion doctrine that we are—you're asking us to consider? I think that's an excellent point, Your Honor, and the answer is, I believe, is yes. So just focusing on this case for a moment, if I look at the contract provision that is the key, that is the focus of the talk about real party and interest, it is about clearing legal rights to a product. Is it not possible that if you looked at the claims of the—was it 988 or 988? Yes, 988. And the other two patents, so everything that's in the three IPRs that ended without appeal, that one could say—one might be able to say, we don't know, this goes to the Chief's point, that they didn't really have control—Activision didn't really have an opportunity to control IPRs and those because there was no product that, I guess, Bungie was concerned about to which those claims—that those claims had a bearing on. And therefore, Activision's opportunity to control wouldn't apply to those, but it might well apply to these so that in issue preclusion terms, the issue would not actually be the same. Well, it's possible, but this goes to the analysis, right? Which we don't have, and so the question is whether on the collateral estoppel question, we should send that back for the board to, as you say, apply the same collateral estoppel principles that you're asking us to apply, but to do it with eyes open knowledge about the possible differences between those three IPRs and these three IPRs. And maybe the answer will be, they're not actually different, but do we really know that? I think that's a good question. I mean, I think it illustrates some of the problems that result by not simply tagging cases. You posed a hypothetical whether there could be some argument in other cases that presents a more fulsome record on point. So following with your hypothetical, if there's some unselected patent where it's very clear that it's not a product review situation under that provision of the contract, that would seem to undermine the entire argument that this whole package falls within the product review situation, right? I mean, that would undercut that whole argument, that interpretation of the contract. And it would underscore the fact that if there's anything in the contract that's on point, it's more toward the indemnification provision, which specifically states that this is all Bungie's problem. Why don't you submit a declaration spelling out the interaction with Activision as it relates to the IPR or any discussions that you had with Activision relating to the IPR? If this was such a pristine thing on your part and Activision had nothing to do with it, why was there no I mean, you've got an unrelated litigation with a distributor and they're trying to tag Bungie with Estoppel based on an unrelated endeavor. We read through the trial practice guide and this seems pretty on point that looking at the practical situation and the fact that there's an example given that in a relationship in an unrelated endeavor does not link two parties up that application to the contract, in our view, seemed to be persuasive. It was deemed persuasive and we didn't think additional evidence was required. I do want to make a clarification here, if I may, and that is there was no challenge here to the board's decision to deny discovery. The issue that was raised on appeal was whether the board erred in deciding the RPI issue, not that the board abused its discretion and denied discovery. But they're not only asking for reversal, they're asking in the alternative for remand, which suggests that there would be more of that finding or analysis forthcoming. Well, that's an issue for remand. My point is an issue for this court is whether, not whether the board abused its discretion. And some of the questions we've been discussing get to that point. Should the board have given more discovery? Should we have looked into this more? That's not the issue on appeal. There's a difference between allowing them discovery and probing your position beyond attorney argument to require you to submit proofs or additional proofs. There's a difference between that. Whether the evidence is sufficient, and I understand the point and I would just emphasize again that there is a piece of evidence and there's attorney argument that is limited on both sides. We have to bring this to an end. I appreciate it, Your Honor. Thank you. Will we store five minutes of rebuttal? Thank you, Your Honor. Perhaps a fairly important clarification to my friend's answer to Judge Toronto regarding whether there has to be a certification in the petition. And Judge, just so you understand, there is a signature by counsel saying who the real parties in interest are. However, it's not signed by a client or a person having knowledge. For example, it's not like an ITC complaint where you have to have a certification or discovery response. I'm not sure the answer to this, but even in our cases where you file a certificate of interest, it's signed by the attorney, but the presumption is that he's gone to his client and checked all of this out. I would hope so, Your Honor, but we simply don't know. What about the final point your friend made, which was the failure to appeal the denial of based on the legal question of what the contract says? Are you still saying even if you don't go there, it's included in our appeal that this should go back for a re-evaluation? I think the court does not need to remand, Your Honor. I think that you can decide based on the contract that you have and the terms of that there, which say that there is, in fact, an opportunity for Activision to review and approve or, on the flip side of that, deny. What if we are not prepared to go that far? Have you preserved your right on appeal? Yes, Your Honor. I think a remand is certainly an alternative solution here that we are asking for. I don't know that the Patent Office will necessarily open up the record again. They have a policy that they've issued recently about remands and how they're going to handle remands, but we think even if you go send it back to the Patent Office and they decide not to open the record again, which, as you noted, Bungie pushed back repeatedly through the discovery motion. They decided not to submit a declaration establishing the real parties in interest with their reply, which they could have. They took the chance that, in fact, in the final written decision, the board would stay put on its path that it had been on and that it wouldn't go back and reconsider in its final written decision who, in fact, the real parties in interest were. So, in fact, with that evidence, the board very likely could come back and reach the same conclusion that this court could reach without a remand. In other words, based on this agreement, there is, in fact, an opportunity to control. Activision is a real party in interest. Collateral estoppel is an equitable doctrine, is it not? I believe it is, Your Honor. Have you found any cases that say that in certain circumstances the court has the discretion not to apply collateral estoppel? Your Honor, thank you for bringing that up. And this is a point that we did address further down in our reply brief dealing with page 30 and so on and so forth. And page 31, we do have a sentence here that this court, and in particular the Federal Circuit in 1994, held that redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or particularly in this situation here, that we see fairness of procedures followed in prior litigation. What we also see as we get into the NLRB case on page 32 and also the Mosher Steele, now we recognize that there are some different views here, but collateral estoppel is normally not applied to conclusions of law made by administrative agencies. And the Patent Office's legal interpretation of that agreement is, in effect, an error of law. And the Patent Office's decision to put the burden of proof on the patent owner in effectively disproving that Activision was a real party in interest, rather than the burden of proof on the petitioner to prove that Activision, in fact, was not, also constitutes an error of law. And those errors this court can correct without any deference to what the Patent Office said. Yeah, but that's a pretty broad brush that's kind of scary to think about if we were to embrace something like that. I mean, a lot of what the board does, obviousness cases, those at bottom, even though there are underlying questions of that, are questions of law. So that's a kind of difficult thing to grasp. If I may offer, Your Honor, this would actually be a great case for this court to take a firm stance on this point, because it's saying, don't rely on the agreement. Don't rely on a question of law. Bungie, if you want to prove that Activision isn't a real party in interest, put a declaration in. Let that person be cross-examined. And if the record shows that, in fact, Activision had no involvement whatsoever, then you have the facts. And then the deference applies. And so that is an opportunity, in fact, for this court to make a statement, tell petitioners how to deal with this so that they don't have this problem again. And Your Honor, one last point here. In terms of whether the Destiny litigation is, in fact, separate from what's going on here, you can't find that from the agreement. You simply cannot look at this agreement and say that, based on the terms they wrote back in 2010, Activision has no right to be involved. The word product in the provision that's defined at the beginning of the agreement to cover the Destiny products? Yes, Your Honor. Yes. And in fact, 15.1, 15.3 of the indemnification provisions are very consistent with 7A15J, which say that Activision has an oversight, like a helicopter parent. They can watch what Bungie is doing. And if at any point Bungie is doing the wrong thing or taking, you know, the fire art search hasn't been good enough, the claim charts aren't good enough, your analysis on this point isn't good enough, they have the right to tell Bungie, do it again. Get it right. Your Honor, I see my time is up. Thank you. We thank both sides and the case is submitted.